IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GERALD JOHN LADUE, JR.,         )
                                )
            Plaintiff,           )
                                )
    v.                           )   1:21CV900
                                )
FORSYTH MEMORIAL HOSPITAL, et al,)
                                )
            Defendants.          )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Forsyth Memorial Hospital (FMH). (Docket Entry 17.) Plaintiff Gerald John Ladue, Jr. has responded to FMH's motion. (Docket Entry 21.) Also before the Court is Plaintiff's motion entitled, "Motion to Amend Cause of Action." (Docket Entry 22.) For the following reasons, the undersigned recommends that FMH's motion to dismiss be granted. Further, to the extent Plaintiff's "Motion to Amend Cause of Action" requests to amend the original Complaint as it pertains to the remaining two defendants, the motion will be granted.

## I. BACKGROUND

Plaintiff, a *pro se* prisoner proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on November 19, 2021. (Compl., Docket Entry 2; *see also* Docket Entries 1, 3.) In the Complaint, Plaintiff contends Defendants FMH, "Forsyth Hospital Doctor that seen me" (Doctor), and Stokes County Jail's Medical Department (SCJMD) violated his Eighth

and Fourteenth Amendment rights by acting with deliberate indifference to his "serious medical condition" while he was a pretrial detainee. (*See generally* Compl.)

Specifically, Plaintiff alleges that on May 25, 2021, he was arrested by the Winston-Salem Police Department, and, on that date, he informed an "offic[i]al" that he needed medical treatment for his jaw as there was something "wrong with it." (*Id.* at 4, 18.)[1] Then, due to Plaintiff having "another medical need," a Winston-Salem police officer took him to FMH. (*Id.* at 4-5, 18.) While at FMH, a CT scan and an X-ray were taken of Plaintiff that revealed his "jaw was broken," and he was informed his jaw would "heal" on its own. (*Id.*) After two days, Plaintiff was released from FMH to the Forsyth Police Department "without any treatment for [his] broken jaw." (*Id.* at 18.) Subsequently, while Plaintiff waited to be transferred to the Stokes County Jail, his jaw became infected, and by the time he saw a nurse at the Stokes County Jail, the infection in his jaw was causing him "serious pain." (*Id.* at 18-19.) Plaintiff further alleges that he pleaded for the nurse to send him to the hospital, but the nurse stated, "that wasn't going to happen," and instead put him on antibiotics for the infection and gave him nothing for the pain. (*Id.* at 19.)

Thereafter, his jaw did not heal, and he could not eat, chew, or brush his teeth. (*Id.*) On July 10, 2021, he was transferred to another correctional institution, and after about three weeks, a dentist took another X-ray of Plaintiff's jaw, showed him that he had a broken jaw, stated that his jaw was infected, and prescribed him antibiotics for about two months. (*Id.* at

---

[1] All citations in this Order and Recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear in CM/ECF.

19, 20.) Thereafter, he was taken to a dental specialist, who informed Plaintiff that he was going to need a "Titanium plate" put in his jaw, that the nerve that ran through Plaintiff's jawbone was torn in half, and that there was a chance he would never be able to "feel a large area of his face again." (*Id.* at 20.) On August 16, 2021, he had surgery to fix his jaw. (*Id.* at 21.) Plaintiff further alleges that Defendants knew about and disregarded the X-rays of Plaintiff's broken jaw, as they "let [him] suffer with pain for months" even though his jaw was "swollen and infected." (*Id.* at 4-5.) Due to FMH's failure to fix Plaintiff's jaw, it was "seriously infected." (*Id.*) The infection became "so bad" that it spread to his ears, causing him to "lose hearing" in one of his ears, and resulting in the inability to feel his "right bottom lip." (*Id.*) For relief, Plaintiff seeks damages for "pain and suffering." (*Id.* at 5.) Plaintiff also attached numerous documents including grievances indicating that he had jaw pain and hearing loss. (*Id.* at 13-16.)

Defendants FMH and Doctor were served on July 15, 2022, and Defendant SCJMD was served on July 14, 2022. (Docket Entries 10, 10-1, 10-2.) On August 5, 2022, FMH moved to dismiss the claims against it, and answered the Complaint. (Docket Entries 17, 18, 19.) Subsequently, on August 19, 2022, Plaintiff filed a document docketed as a "response" to FMH's motion to dismiss. (Docket Entry 21.) In the document, Plaintiff states that "Motion Allowed to dismiss for qualified immunity," and that due to FMH being a private hospital and not personally involved in his "actual injury," he "agree[d] with there dismissal." (*Id.*) Plaintiff further states that he is "still going forward in the lawsuit against the Doctor there responsible for." (*Id.*) On that same day, Plaintiff also filed a "Motion to Amend Cause of Action," naming only Defendant Doctor and Defendant SCJMD, and stating, *inter alia*, that

3

he requests, pursuant to Federal Rule of Civil Procedure 15(a), for the Court to permit him to amend several pages of the Complaint. (*See generally* Docket Entry 22.) Plaintiff also attached the specific pages he wants to amend to the original Complaint (*id.* at 2-6), which included allegations pertaining to Defendants Doctor and SCJMD's failure to provide him with adequate medical and dental care for his "serious medical/dental need" due to "[d]iscrimination of his opiate addiction" in violation of his Eighth and Fourteenth Amendment rights (*id.* at 2-6). Thereafter, on September 6, 2022, Defendant SCJMD answered the claims against it. (Docket Entry 25.)

## II. DISCUSSION

### A. FMH's Motion to Dismiss

FMH contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (*See generally* Docket Entries 17, 18.) Specifically, FMH argues that (1) it is not "a person" covered under § 1983, as it is a private, non-profit corporation; (2) Plaintiff fails to allege any facts that establish FMH acted under the color of state law when it treated Plaintiff on May 25, 2021; and (3) Plaintiff's Complaint contains no factual allegations of any custom or policy of FMH that would allow Plaintiff to recover against it pursuant to § 1983. (*See id.*) FMH also argues that to the extent Plaintiff's Complaint purports to assert a claim against FMH for medical malpractice, the Court lacks subject matter jurisdiction over that state law claim since Plaintiff fails to state a § 1983 claim against FMH. (*Id.*)

Here, given that Plaintiff's "response" and subsequent filings indicate that he agrees to voluntarily dismiss FMH from the instant action, and instead wants to pursue only his claims

against Defendants Doctor and SCJMD (*see generally* Docket Entries 21, 22), the undersigned recommends that FMH's motion to dismiss be granted.[2]

## B. Plaintiff's Motion to Amend Cause of Action

As previously noted, Plaintiff has filed a "Motion to Amend Cause of Action." (*See* Docket Entry 22.) Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B); *see also All. Sols., Inc. v. Quest Software, Inc.*, No. ELH-11-2115, 2012 WL 692883, at *8 (D. Md. Mar. 1, 2012) (unpublished) ("[T]he plain text of Rule 15(a)(1) provides, an amended complaint is a permissible response to a Rule 12(b) motion. Indeed, a party might opt to file an amended complaint in response to a Rule 12(b) motion, so as to cure the perceived deficiencies identified by such a motion, thereby bringing into sharp focus the basis of a plaintiff's complaint and facilitating efficient resolution of claims."). Furthermore, "Rule 15(a)'s liberal standard is even more broadly construed for *pro se* litigants." *Thomas v. Delmarva Power & Light Co.*, No. RDB-15-0433, 2016 WL 374076, at *2 (D. Md. Feb. 1, 2016) (unpublished) (collecting cases).

Here, Plaintiff filed his "Motion to Amend Cause of Action" within 21 days after service of FMH's motion under Rule 12(b) and its answer, thus the Court will grant Plaintiff's Motion as a matter of course. However, the undersigned notes that Plaintiff's Motion attempts to correct and add claims, and allegations to portions of the original Complaint. To

---

[2] The undersigned notes that there is no need to discuss the merits of FMH's motion to dismiss, given that Plaintiff agrees to dismiss FMH from this action. However, the undersigned notes that notwithstanding Plaintiff's consent to dismissal, the arguments in FMH's motion to dismiss are meritorious, and would otherwise warrant FMH's dismissal from this action.

5

ensure that the remaining defendants are given proper notice as to the claims and allegations asserted against them, Plaintiff will be directed to file an Amended Complaint asserting all claims and allegations he wishes to proceed against Defendant Doctor and Defendant SCJMD.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Forsyth Memorial Hospital's motion to dismiss (Docket Entry 17) be **GRANTED** and that the claims against said Defendant be dismissed.

**IT IS HEREBY ORDERED** that to the extent Plaintiff seeks to amend the Complaint (Docket Entry 22), that request is **GRANTED**. Plaintiff is directed to file an amended pleading (which he should name "Amended Complaint") that asserts all claims and allegations he wishes to proceed against Defendant Doctor and Defendant Stokes County Jail's Medical Department no later than November 22, 2022.

To further assist Plaintiff, **IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the original Complaint (Docket Entry 2), and a copy of pages 2 through 6 of Plaintiff's "Motion to Amend Cause of Action" (Docket Entry 22 at 2-6). Upon the filing of Plaintiff's Amended Complaint, this amended pleading shall be the operative complaint in this action, and Defendant Doctor and Defendant Stokes County Jail's Medical Department shall file an answer to Plaintiff's Amended Complaint within 14 days thereafter.

                                                              _____
                                                                Joe L. Webster
                                                         United States Magistrate Judge

November 1, 2022
Durham, North Carolina